UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE MIRELES,<br><br>    Plaintiff,<br><br>v.<br><br>C. KOENING, et al.,<br><br>    Defendants. | Case No. 20-cv-01248-HSG<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, an inmate at Correctional Training Facility ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that CTF correctional officials were deliberately indifferent to his safety, in violation of the Eighth Amendment. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint makes the following allegations.

When processed into the California Department of Corrections and Rehabilitations ("CDCR"), plaintiff denounced his allegiance to the Fresno Bulldogs gang. Compl. at 1. On August 25, 2018, a Classification Services Representative ("CSR") approved plaintiff for housing on CTF's Level II Sensitive Needs Yards ("SNY") section. Compl. at 8. On October 15, 2018, plaintiff arrived at CTF and was housed in Level II SNY, per his classification. Compl. at 9.

On December 6, 2018,[1] plaintiff was brought before a classification committee and informed that he was being transferred from Level II SNY to a non-designated programming facility ("NDPF") where he would be housed with general population ("GP") inmates; that his consent was not required for transfer to an NDPF; and that refusal to comply with the transfer could result in disciplinary action against him or placement in a more restrictive level of housing. Compl. at 9. Plaintiff informed the classification committee that he could not safely program and

---

[1] It is unclear if the December 2018 classification committee hearing took place on December 6, as stated on pages 1 and 11 of the complaint, or on December 16, as stated on pages 18-20 of the complaint.

2

participate on an NDPF. Compl. at 9. Despite his objections, plaintiff was transferred to CTF's NDPF. Compl. at 9. Less than twenty-four (24) hours after moving to CTF's NDPF, plaintiff was attacked and battered by GP inmates who despise SNY inmates. Compl. at 9. At least one of plaintiff's attackers used a weapon during the assault. Compl. at 9. Plaintiff was treated by medical and taken to administrative segregation. Compl. at 10. Plaintiff did not want to return to the NDPF because he was injured and unable to defend himself and feared for his mental and physical safety on the NDPF. Compl. at 10. Warden Koening threated plaintiff with disciplinary action and transfer to a higher level GP facility if plaintiff did not return to the NDPF. Compl at 10. Plaintiff returned to the NDPF but continues to fear for his safety. Compl. at 10-11. Plaintiff suffers from chronic pain in his elbow and has limited use of his elbow following the attack. Compl. at 11.

Plaintiff has named as defendants Warden Koening, correctional captain Rosa Ortega, correctional captain T. Lee, correctional counselor Truett, correctional counselor Lorena Gomez, and correctional counselor Tranda Ross. Plaintiff alleges that these defendants were deliberately indifferent to his safety when Warden Koening forced plaintiff to return to NDPF housing despite knowing that plaintiff's safety was at risk in an NDPF; when defendants Ortega, Lee and Gomez participated in the December 2018 classification committee hearing that authorized plaintiff's placement on an NDPF, despite plaintiff's concerns for his safety and plaintiff's Central File specifying his SNY status; when defendant Truett failed to properly screen and log plaintiff's grievance regarding his NDPF placement as an "emergency appeal;" and when defendant Ross failed in her duty to adequately record the minutes of plaintiff's December 2018 classification committee hearing. Plaintiff has also named four Doe defendants, John Does 1 and 2 and Jane Does 1 and 2, whom he identifies as state civil service workers who participated in his December 2018 classification committee hearing.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from

3

dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id*. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005). The Court finds that, liberally construed, plaintiff's allegations state a cognizable Eighth Amendment failure-to-protect claim against defendants Koening, Ortega, Lee, and Gomez.

Plaintiff has failed to state a cognizable Eighth Amendment claim against either correctional counselor Truett, correctional counselor Ross, or the Doe defendants.

Defendant Truett's only participation in the alleged constitutional violation was the processing of plaintiff's grievance regarding the relevant events. A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."). A correctional officer's participation in the grievance process, including the categorization or processing of a grievance, therefore fails to state a cognizable Section 1983 claim. Accordingly, the claim against defendant Truett is DISMISSED with prejudice because amendment would be futile, and defendant Truett is DISMISSED from this action. *Ramirez*, 334 F.3d at 861 ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (citation and internal quotation marks omitted).

The allegation that defendant Ross failed to adequately record the minutes of plaintiff's December 2018 classification committee hearing fails to state a plausible Eighth Amendment failure-to-protect claim. Plaintiff's allegations regarding defendant Ross are insufficient to raise an inference that defendant Ross knew that plaintiff faced a substantial risk of serious harm and

4

disregarded that risk by failing to take reasonable measures to abate it. This claim will also be DISMISSED with prejudice because amendment would be futile. *Ramirez*, 334 F.3d at 861. Defendant Ross is DISMISSED from this action.

The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642. Accordingly, the Doe defendants are DISMISSED from this action without prejudice. Should plaintiff learn the identity of these Doe defendants through discovery, he may move to file an amended complaint to add them as named defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Plaintiff has stated a cognizable Eighth Amendment failure-to-protect claim against Warden Koening, correctional captain Rosa Ortega, correctional captain T. Lee, and correctional counselor Lorena Gomez. Plaintiff's claims against correctional counselor Truett and correctional counselor Tranda Ross are DISMISSED with prejudice. Correctional counselor Truett and correctional counselor Tranda Ross are DISMISSED from this action with prejudice. The Doe defendants are DISMISSED from this action without prejudice to plaintiff seeking leave to file an amended complaint to add them as named defendants once he identifies them.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto (Dkt. No. 15), and a copy of this order upon defendants **Warden Koening, correctional captain Rosa Ortega, correctional captain T. Lee, and correctional counselor Lorena Gomez** at **Correctional Training Facility, Soledad Prison Road, Soledad, CA 93960**. A courtesy copy of the complaint with attachments (Dkt. No. 1) and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

c. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought

to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 3/9/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge