UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE MIRELES,<br><br>          Plaintiff,<br><br>     v.<br><br>C. KOENING, et al.,<br><br>          Defendants. | Case No. 20-cv-01248-HSG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO DESIGNATE AND REDEFINE RECORD; DENYING WITHOUT PREJUDICE MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 16, 17 |

Plaintiff, an inmate at Correctional Training Facility ("CTF"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that CTF correctional officials Koening, Lee, Ortega, and Gomez were deliberately indifferent to his safety, in violation of the Eighth Amendment. This order addresses the two motions pending before the Court (Dkt. Nos. 16, 17).

**DISCUSSION**

**I.      Request that the Court Designate and Define the Record**

Plaintiff has filed a motion requesting that the Court designate and define the record. Dkt. No. 16. However, it is unclear what relief the motion seeks. In this motion, plaintiff claims that defendants have not participated in the discovery process, and appears to take issue with the waiver of reply filed by defendants. Dkt. No. 16 at 2-3.

It appears that defendants have participated in the discovery process, thereby triggering the motion to compel (Dkt. No. 17). This motion appears to have been prepared on May 22, 2020, *see* Dkt. No. 16 at 2, prior to plaintiff receiving discovery responses from defendants on or about May 26, 2020, *see* Dkt. No. 17 at 2. Accordingly, there seems to be no issue arising from defendants' failure to participate in the discovery process.

With respect to the waiver of reply, plaintiff is under the mistaken impression that a waiver

1   of reply allows defendants to forgo filing motions.  Plaintiff is incorrect.  Section 1997e(g)(1) of
2   the Prison Reform Litigation Act ("PRLA") provides that a defendant may waive the right to reply
3   to any Section 1983 action brought by a prisoner by filing a wavier of reply, and that a waiver of
4   reply does not constitute an admission of the allegations contained in the complaint.  42 U.S.C. §
5   1997e(g)(1).  Section 1997e(g)(2) allows a court to require a defendant to reply to a complaint.  42
6   U.S.C. § 1997e(g)(2).  Here, in its March 10, 2020 order of service, the Court did not require
7   defendants to file an answer but did require defendants to file a dispositive motion by June 9,
8   2020.  *See* Dkt. No. 8.  On June 8, 2020, the Court granted defendants an extension of time to
9   September 7, 2020, to file their dispositive motion.  Dkt. No. 15.  Accordingly, defendants
10  properly filed a waiver of reply in lieu of filing an answer, as allowed by Section 1997e(g)(1) and
11  the Court's March 10, 2020 order of service, and defendants are still required to prosecute this
12  action by filing a dispositive motion and have indicated that they intend to do so.  Dkt. Nos. 14,
13  15.  Because it is unclear what this motion seeks, i.e. how the record should be defined or
14  designated, this motion is DENIED without prejudice to filing a renewed motion that clearly
15  specifies the court relief being sought.

16  **II.     Motion to Compel**

17  Plaintiff has filed a motion to compel defendants to provide further responses to certain
18  interrogatories.  Dkt. No. 16.  Plaintiff's motion to compel lacks the necessary certification that
19  plaintiff has conferred in good faith with defendants in an effort to obtain the requested discovery
20  without court action.  Fed. R. Civ. P. 37(a)(1) requires that a motion to compel discovery "include
21  a certification that the movant has in good faith conferred or attempted to confer with the person
22  or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed.
23  R. Civ. P. 37(a)(1).  Local Rule 37-1(a) provides that the Court will not entertain a request or a
24  motion to resolve a discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have
25  previously conferred for the purpose of attempting to resolve all disputed issues.  N.D. Cal. L. R.
26  37-1(a).  Plaintiff's motion to compel is therefore DENIED without prejudice to re-filing after he
27  complies with the meet-and-confer requirement set forth in Fed. R. Civ. P. 37 and N.D. Cal. L. R.
28  37-1(a).

**CONCLUSION**

For the reasons set forth above, the Court DENIES the motion to designate and define the record without prejudice to filing a renewed motion that clearly specifies the court relief being sought (Dkt. No. 16), and DENIES the motion to compel without prejudice to re-filing after plaintiff complies with the meet-and-confer requirement set forth in Fed. R. Civ. P. 37 and N.D. Cal. L. R. 37-1(a).

This order terminates Dkt. Nos. 16 and 17.

**IT IS SO ORDERED.**

Dated:  7/6/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge