UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE MIRELES,<br><br>        Plaintiff,<br><br>    v.<br><br>C. KOENING, et al.,<br><br>        Defendants. | Case No. 20-cv-01248-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S ATTENDANCE AT DEPOSITION; DENYING DEFENDANTS' REQUEST FOR TERMINATING AND MONETARY SANCTIONS**<br><br>Re: Dkt. No. 28 |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that, while he was housed at Correctional Training Facility ("CTF"), CTF correctional officials Koening, Lee, Ortega, and Gomez were deliberately indifferent to his safety, in violation of the Eighth Amendment. Dkt. Nos. 1, 6, 8. Defendants have filed a motion seeking terminating sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), or alternatively, a court order compelling Plaintiff's appearance at deposition when next properly noticed by Defendants. Dkt. No. 28. Defendants also request that the Court order sanctions against Plaintiff in the amount of $1,630.85 related to the attorney's fees that Defendants incurred in bringing the motion to compel and to the costs and attorney's fees related to Plaintiff's non-appearance at the deposition. Dkt. No. 28. Plaintiff has filed an opposition, Dkt. No. 29, and Defendants have filed a reply, Dkt. No. 31. For the reasons set forth below, the Court GRANTS Defendants' motion to compel Plaintiff to appear at a deposition when next properly noticed by Defendants; DENIES the request for terminating sanctions; and DENIES the request for monetary sanctions.

//

//

**DISCUSSION**

**I.   Background**

On November 30, 2020, Defendants served Plaintiff with a deposition notice by mail at his address of record.  The deposition was noticed for January 14, 2021 in Fresno, California, which is Plaintiff's city of residence according to the address of record.  The deposition notice was accompanied by a cover letter, asking Plaintiff to contact Defendants by December 14, 2020, if he was unable to appear for the deposition.  ECF No. 28-1 ("Skebe Decl."), at ¶¶ 3, 6 and Ex. A.  That same day, counsel for Defendants, Mr. Skebe, also left Plaintiff a voice message on the phone number that Plaintiff listed with the Court.  In the voice message, Mr. Skebe identified himself and requested a return call.  Skebe Decl. ¶ 4.  On December 1, 2020, Mr. Skebe again attempted to reach Plaintiff by phone and left another voice message identifying himself and requesting a return call.  Skebe Decl. ¶ 5.  On December 17, 2020, Defendants sent another letter to Plaintiff, again detailing the specifics of the noticed deposition and requesting that Plaintiff advise Defendants whether he was willing to stipulate to the remote conditions set forth in the deposition notice.  Skebe Decl. ¶ 7.  Plaintiff did not appear for his deposition on January 14, 2021.  Skebe Decl. ¶ 9.

Plaintiff acknowledges receiving the deposition notice and that he did not appear at his deposition.  Plaintiff states that he was receiving significant help with his legal papers while in prison and, upon his release from prison in August 2020, he simply did not understand what was happening or what he was supposed to do.  Dkt. No. 29 at 2.  Plaintiff states that he did not understand the deposition notice.  He also states that the phone number listed on the docket is his wife's phone number and she did not report receiving any calls from Mr. Skebe.  Dkt. No. 29 at 2.  Plaintiff states that monetary sanctions would be an extreme financial hardship.  Dkt. No. 29 at 3.

**II.   Analysis**

Defendants argue that terminating sanctions are appropriate to consider because Plaintiff's failure to appear was willful and his unsworn claims of confusion and legal inexperience do not excuse such conduct.  In the alternative, Defendants request that the Court issue an order compelling Plaintiff's appearance at a deposition when next properly noticed by Defendants.

Defendants also argue that, regardless of whether terminating sanctions are granted, monetary sanctions in the amount of reasonable attorney's fees and costs are appropriate because Plaintiff has failed to demonstrate that his conduct was substantially justified.

Fed. R. Civ. P. 37(d) provides that where a party fails to appear at a properly noticed deposition, the Court may order sanctions, including dismissing the action in whole or in part, or ordering that the party who failed to appear pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b), (d). While district courts have the inherent power to control their dockets, terminating sanctions, i.e. dismissal of an action, "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). The Ninth Circuit has set forth five factors to consider when deciding whether to dismiss a case for failure to comply with a court order pursuant to Fed. R. Civ. 37(b), which is incorporated in Fed. R. Civ. P. 37(d): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson*, 782 F.2d 829 (1986) (per curiam)). The circumstances here are not the "extreme" circumstances that require termination of this action. Although the public has an interest in expeditious resolution of litigation, Plaintiff's failure to appear has not significantly delayed this litigation. Defendants themselves have acknowledged that Plaintiff's deposition may not be necessary if the currently pending summary judgment for failure to exhaust is granted. Dkt. No. 31 at 2. The Court's need to manage the docket at this stage in the litigation does not require terminating this action. Outside of the financial cost to Defendants, there is minimal prejudice. Terminating this action for failure to appear would contravene the public policy favoring disposition of cases on their merits and there is a less drastic sanction available – compelling Plaintiff to appear at a deposition at a future date and time duly noticed by Defendants. Finally, the Court is mindful that Plaintiff is a *pro se* litigant, who has only been recently released from prison, who has limited financial resources, and who has

indicated that he has since contacted the Legal Help Desk and made other efforts to properly litigate this action. Accordingly, the Court finds that the circumstances here are not so extreme as to warrant terminating sanctions and DENIES the request for terminating sanctions. However, the Court GRANTS Defendants' request to compel Plaintiff to appear at a deposition at a future date and time duly noticed by Defendants.

The Court DENIES Defendants' request for monetary sanctions in the amount of reasonable attorneys' fees and costs. Plaintiff is a *pro se* litigant with limited financial resources; there is no direct evidence of a willful failure to appear; and the failure to appear has not unduly prejudiced Defendants. The circumstances make an award of monetary sanctions unwarranted.

## CONCLUSION

For the reasons set forth above, the Court orders as follows. The Court DENIES Defendants' request for terminating sanctions. The Court GRANTS Defendants' request to compel Plaintiff to appear at a deposition at a future date and time duly noticed by Defendants. The Court DENIES Defendants' request for monetary sanctions in the amount of reasonable attorneys' fees and costs.

This action terminates Dkt. No. 28.

**IT IS SO ORDERED.**

Dated: 3/25/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge